IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-07-390 |
| | § | C.A. No. C-09-99 |
| | § | |
| ROSENDO MARTINEZ-FLORES, | § | |
|     Defendant/Movant. | § | |

### MEMORANDUM OPINION AND ORDER
### DISMISSING MOTION TO VACATE,
### SET ASIDE OR CORRECT SENTENCE, AND
### DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Rosendo Martinez-Flores' ("Martinez-Flores") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 27.) The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court dismisses Martinez-Flores' § 2255 motion because he validly waived his right to file the two claims raised therein and because those claims are not properly before the Court. Cf. United States v. Del Toro-Alejandre, 489 F.3d 721, 722-23 (5th Cir. 2007) (affirming the district court's sua sponte dismissal of a § 2255 motion based on a valid waiver, rather than requiring a government response). Additionally, the Court denies Martinez-Flores a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

**A.     Summary of the Offense**

The following facts were set forth by the prosecutor at Martinez-Flores' rearraignment and Martinez-Flores agreed that they were correct.  Specifically, on July 4, 2007,  Martinez-Flores was driving in San Patricio County along U.S. Highway 77 and was stopped for speeding by a Texas Department of Public Safety Trooper.  He had a passenger in the car with him, Maria Dela Luz Serna.  Both she and Martinez-Flores appeared nervous and gave differing accounts of the reasons for their travel.  Thus, the trooper asked for permission to search the car.  Martinez-Flores gave both written and verbal consent for the search.

The trooper noticed that it looked like the seats had been tampered with and in pulling apart or pulling the seat out, he discovered some bundles that were wrapped in cellophane.  The bundles that were taken from the car totaled 32.89 kilograms of cocaine which was 72 percent pure.  Additionally, Dela Luz Serna admitted that she made previous trips with Martinez-Flores and that those trips involved delivering narcotics to people in Pasadena, Texas and taking money back to Monterrey, Mexico.

**B.     Criminal Proceedings**

On July 31, 2007, Martinez-Flores and Dela Luz Serna were both charged in a two-count indictment with: (1) conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) ("Count One"); and (2) possession with intent to distribute approximately 32 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count Two").  (D.E. 16.)

On October 1, 2007, Martinez-Flores pleaded guilty to Count One of the indictment pursuant to a written plea agreement. (D.E. 38; see Minutes dated October 1, 2007.) In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 38 at ¶¶ 1-2.)

The plea agreement contained a voluntary waiver of Martinez-Flores' right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 38 at ¶ 7 (emphasis in original).) The agreement was signed by Martinez-Flores and his counsel. (D.E. 38 at 5.)

At Martinez-Flores' rearraignment, the Court explained the waiver provision to him and to the other defendants pleading guilty that day. Specifically, the following exchange took place:

> THE COURT ... Each of you signed a plea agreement which contains a waiver of the right to appeal. The waiver not only applies to your right to directly appeal your conviction and your sentence, but also to what we call collaterally attack it under a separate federal statute. Were you aware that the waiver or right to appeal that I just described was in your plea agreement before you signed it?
>
> (All defendants answer yes.)

3

>THE COURT: Did you discuss the waiver with your lawyer and how it may affect your case and your rights?
>
>(All defendants answer yes.)
>
>THE COURT: Do you feel like you understand the waiver?
>
>(All defendants answer yes.)
>
>THE COURT: Do you have any questions that you would like to ask me at this time about the waiver and how it affects your case?
>
>(All defendants answer no.)

(D.E. 55, Rearraignment Transcript ("R. Tr.") at 16-17.)

Martinez-Flores also told the Court that he had signed his plea agreement voluntarily, that his lawyer had read it to him and explained it to him before he signed it, that he understood the terms of the agreement and that no one had offered him anything to get him to plead guilty other than what was in the plea agreement. (R. Tr. at 12-13.) It is clear from the foregoing that Martinez-Flores' waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

After the preparation of the Presentence Investigation Report, Martinez-Flores filed a motion to withdraw his guilty plea. (D.E. 54.) Essentially, the motion was initiated because Martinez-Flores was upset that the United States was taking the position that he did not qualify for safety-valve relief. According to Martinez-Flores, he had always admitted that his conduct in the conspiracy involved knowingly transporting the money from drug proceeds, but that he did not ever knowingly transport drugs. According to him, he was surprised that there were drugs in the car when he was stopped. Apparently, the United States did not believe that he was truthfully debriefing about his lack of knowledge of the drugs, and thus was not going to recommend safety valve relief.

In his motion, he argued that the United States' opposition must mean that the conduct he admitted (knowingly transporting drug proceeds) was insufficient to violate the drug conspiracy statutes and thus he sought to withdraw his guilty plea. (D.E. 54 at 2-3.)

In its reply, the United States argued that Martinez-Flores' admissions of knowingly transporting U.S. currency that was proceeds from illegal drug trafficking was sufficient to charge and convict him of conspiracy to possess with intent to distribute a controlled substance, despite the fact that he maintained he was unaware he was transporting drugs at the time of his arrest. (D.E. 59 at 2.)

The Court held a hearing on the motion and denied the motion to withdraw the guilty plea. (See Docket Entry of Minutes dated March 3, 2008.) In particular, the Court reviewed the rearraignment transcript and concluded that Martinez had voluntarily and knowingly pleaded guilty, and had admitted facts sufficient to convict him of the charged offense. (See D.E. 74, Transcript of Motion hearing ("M. Tr.") at 10-15.) The Court concluded that Martinez-Flores was dissatisfied with the United States' position as to safety valve, but that was an issue for sentencing and did not affect the voluntariness of his plea. (M. Tr. at 14-15.)

On April 7, 2008, the Court sentenced Martinez-Flores to 120 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and also imposed a $100 special assessment. (Docket Entry of Minutes dated April 7, 2008; D.E. 69.) Judgment of conviction and sentence was entered on April 11, 2008. (D.E. 69.)

Despite his waiver of appellate rights, Martinez-Flores filed a Notice of Appeal. On appeal, he argued that this Court abused its discretion when it denied his motion to withdraw his guilty plea. (D.E. 83 at 2, Fifth Circuit opinion.) He also argued that the Court erred when it failed to award him

a two-level reduction in his offense level pursuant to the "safety valve" provision of U.S.S.G. § 5C1.2. (Id.) The United States argued that Martinez-Flores' appeal was barred by his appellate waiver contained in his written plea agreement and alternatively, that it was not error of this Court to deny Martinez-Flores' motion to withdraw his guilty plea. (Id.)

In a per curiam opinion issued February 4, 2009, the Fifth Circuit concluded that the appeal waiver was knowing and voluntary and that it applied to the claims raised by Martinez-Flores. Thus, the appellate court held that the waiver was valid and enforceable. (D.E. 83 at 3.) The Fifth Circuit went on to hold that, even if the waiver were not valid and enforceable, Martinez-Flores had failed to show that this Court abused its discretion in denying his motion to withdraw his plea. (Id.) The appellate court affirmed the judgment of this Court. (Id.)

The instant § 2255 motion was received by the Clerk of this Court on April 29, 2009. (D.E. 85.) It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Martinez-Flores lists two grounds for relief. First, he alleges that he was denied effective assistance of counsel because the counsel failed "to dispute the proper charges at the sentencing." He contends that his counsel gave him incorrect advice concerning his "actual liability" for the drug conspiracy charge and that he failed to request the benefit of the safety valve. (D.E. 85 at 5.)

Second, he claims that his sentencing counsel was constitutionally ineffective for failing to request a downward departure in light of the fact that Martinez-Flores was a citizen of Mexico, which would subject him to deportation and other harsh punishment. (D.E. 85 at 6.)

## IV.  DISCUSSION

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

### B.   Waiver of § 2255 Rights

Martinez-Flores' claims are not properly before the Court because he waived the right to bring the claims he raises in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights)**.** It is clear from the rearraignment transcript that Martinez-Flores understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up); see supra at pages 3-4.  Martinez-Flores' sworn statements in open court are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing

Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that Martinez-Flores' waiver was knowing and voluntary.

Moreover, Martinez-Flores' claims fall within the scope of his waiver.  Notably, neither challenge the validity of his waiver of § 2255 rights.  His second claim clearly alleges ineffectiveness of counsel at sentencing and is thus barred by his waiver.  See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver of § 2255 rights "only when the claimed assistance directly affected the validity of that waiver or the plea itself").

As to his first claim, the analysis is less straightforward, because the precise nature of Martinez-Flores' claim is not clear.  He titles it as one that his counsel failed to "dispute the proper charges" at sentencing.  If construed as a claim of ineffectiveness at sentencing, his claim falls within the scope of his waiver and is barred.  See White, 307 F.3d at 343-44. He then makes one vague reference, however to counsel misadvising him regarding his "liability."  Construed liberally, this vague reference could be an attempt to challenge the voluntariness of his plea.  To the extent his claim is so construed, however, it fails because it is conclusory.  United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (conclusory allegations on a critical question do not raise a constitutional issue).

Construed as a challenge to the voluntariness of his plea, Martinez-Flores' first claim also fails because  it was already raised on appeal and rejected by the Fifth Circuit.  (D.E. 83.)  Indeed, as noted, the Fifth Circuit expressly concluded that his waiver was valid and enforceable.  (D.E. 83 at 2-3.)  That claim is thus barred from consideration here.  United States v. Kalish, 780 F.2d 506,

508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's § 2255 motion and noting that it has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

For all of these reasons, his claims are not properly before the Court. Martinez-Flores' motion is therefore DISMISSED WITH PREJUDICE.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez-Flores has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack

v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Martinez-Flores has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the claims raised in his motion are barred due to his waiver or that they are otherwise not properly before the Court. Accordingly, Martinez-Flores is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, Martinez-Flores' motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 85) is DISMISSED WITH PREJUDICE. Martinez-Flores is also DENIED a Certificate of Appealability.

It is so ORDERED this 9th day of July, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE